**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-03422-PAB-NYW

BROADMOOR HOTEL, INC.

   Plaintiff-Counterclaim Defendant,

v.

J. CREW GROUP, INC. and
J. CREW INTERNATIONAL, INC.,

   Defendants-Counterclaim Plaintiffs.

---

## ANSWER and COUNTERCLAIM

---

   Defendants J. Crew Group, Inc. and J. Crew International, Inc. (collectively, "J. Crew" or "Defendants"), by and through their undersigned counsel, as and for their Answer to the Complaint of Plaintiff Broadmoor Hotel, Inc. ("Plaintiff" or "Broadmoor"), allege as follows:

   1.  Admit that Plaintiff purports to bring an action for the claims set forth in paragraph 1 of the Complaint, but deny the merits of any such claim and otherwise denies the allegations set forth therein.

   2.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

   3.  Admit the allegations set forth in paragraph 3 of the Complaint.

   4.  Admit the allegations set forth in paragraph 4 of the Complaint.

   5.  Admit the allegations set forth in paragraph 5 of the Complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7.      Deny the allegations set forth in paragraph 7 of the Complaint, except admit that J. Crew and/or its affiliates (collectively, the "J. Crew Parties") conduct business in Colorado through five retail stores and four factory outlet stores and through the sale of products in Colorado via a website located at www.jcrew.com (the "J. CREW website") and the Internet, and J. Crew does not contest personal jurisdiction in Colorado for purposes of this litigation.

8.      Admit the allegations set forth in paragraph 8 of the Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, except admit that Plaintiff has attached to the Complaint as Exhibit 1 a copy of a Principal Register registration it owns for the mark BROADMOOR and respectfully refer the Court to the registration, which speaks for itself with respect to the contents thereof.

19.     Admit the allegations set forth in paragraph 19 of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint, except admit that Plaintiff has attached to the Complaint as Exhibit 2 a copy of a Principal Register registration it owns for a particular stylized version of the mark THE BROADMOOR COLORADO SPRINGS and respectfully refer the Court to the registration, which speaks for itself with respect to the contents thereof.

23.     With respect to the allegations set forth in paragraph 23 of the Complaint, Defendants state that no response is required inasmuch as the allegations call purely for legal conclusions.   To the extent any response is required to paragraph 23, Defendants state that the relevant statutory provisions speak for themselves in terms of the effect of Plaintiff's registrations, respectfully refer the Court to such provisions with respect to the contents thereof and otherwise deny the allegations set forth therein.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint, except admit that Plaintiff has attached to the Complaint as Exhibit 3 a printout from the United States Patent & Trademark Office website with respect to an application filed by Plaintiff for the mark THE BROADMOOR and respectfully refer the Court to such document, which speaks for itself with respect to the contents thereof.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30.     Deny the allegations set forth in paragraph 30 of the Complaint.

31.     Deny the allegations set forth in paragraph 31 of the Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33.     Deny the allegations set forth in paragraph 33 of the Complaint, except admit that certain of the J. Crew Parties have used and continue to use the word "Broadmoor" as a style name for certain J. Crew branded jackets and vests they sell.

34.     Deny the allegations set forth in paragraph 34 of the Complaint, except admit that Exhibit 7 contains an accurate copy of a webpage from the J. CREW website and respectfully refer the Court to such document, which speaks for itself with respect to the contents thereof.

35.     Deny the allegations set forth in paragraph 35 of the Complaint, except admit that Exhibit 7 contains an accurate copy of a webpage from the J. CREW website and respectfully refer the Court to such document, which speaks for itself with respect to the contents thereof.

36.     Deny the allegations set forth in paragraph 36 of the Complaint, except admit that Exhibits 8 and 9 contain accurate copies of webpages from the J. CREW website and respectfully refer the Court to such documents, which speak for itself with respect to the contents thereof.

37.     Deny the allegations set forth in paragraph 37 of the Complaint, except admit that Exhibit 10 contains an accurate copy of an email promotion sent by one of

the J. Crew Parties and respectfully refer to the Court to such document, which speaks for itself with respect to the contents thereof.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint, except admit that Plaintiff has attached as Exhibit 11 what purports to be the results of a Google search and respectfully refer the Court to such document, which speaks for itself with respect to the contents thereof.

39.     Deny the allegations set forth in paragraph 39 of the Complaint, except admit that the J. Crew Parties sell certain goods of third parties in connection the "In Good Company" partnership program with various third parties.

40.     Admit the allegations set forth in paragraph 40 of the Complaint.

41.     Deny the allegations set forth in paragraph 41 of the Complaint, except admit that the J. Crew Parties purchase certain products from third parties in connection with the "In Good Company" partnership program and pursuant to supply agreements which contain, among other things, a limited non-exclusive license to use the third parties' intellectual property for purposes of selling the third parties' branded products.

42.     Deny the allegations set forth in paragraph 42 of the Complaint.

43.     Deny the allegations set forth in paragraph 43 of the Complaint.

44.     Deny the allegations set forth in paragraph 44 of the Complaint, except admit that Plaintiff has attached as Exhibit 12 to the Complaint an accurate copy of a letter dated August 29, 2014 from Plaintiff's counsel to J. Crew's "Legal Department"

and respectfully refer the Court to the letter, which speaks for itself with respect to the contents thereof.

45.     Deny the allegations set forth in paragraph 45 of the Complaint, except admit that after sending the notification letter, Plaintiff's counsel followed up with J. Crew on September 16, 2014, and J. Crew's outside counsel communicated with counsel for Broadmoor on September 16 and September 26 regarding the notification letter.

46.     Deny the allegations set forth in paragraph 46 of the Complaint, except admit that Plaintiff has attached as Exhibit 13 to the Complaint an accurate copy of a September 29, 2014 letter from J. Crew's counsel to Plaintiff's counsel responding to Plaintiff's demand letter by denying the merits of Plaintiff's claims and respectfully refer the Court to such letter, which speaks for itself with respect to the contents thereof.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint, except admit that Plaintiff has brought this action seeking the relief set forth therein based on the allegations set forth therein.

48.     Defendants repeat and reallege their responses to paragraphs 1-47 above with the same force and effect as if set forth fully herein.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint.

50.     Deny the allegations set forth in paragraph 50 of the Complaint.

51.     Deny the allegations set forth in paragraph 51 of the Complaint.

52.    Deny the allegations set forth in paragraph 52 of the Complaint, except admit that J. Crew has not agreed to discontinue the conduct complained of herein inasmuch as there is no valid claim of infringement.

53.    Deny the allegations set forth in paragraph 53 of the Complaint.

54.    Defendants repeat and reallege their responses to paragraphs 1-53 above with the same force and effect as if set forth fully herein.

55.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint.

56.    Deny the allegations set forth in paragraph 56 of the Complaint.

57.    Deny the allegations set forth in paragraph 57 of the Complaint, except admit that J. Crew has not agreed to discontinue the conduct complained of herein inasmuch as there is no valid claim of infringement.

58.    Deny the allegations set forth in paragraph 58 of the Complaint.

59.    Defendants repeat and reallege their responses to paragraphs 1-58 above with the same force and effect as if set forth fully herein.

60.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

61.    Deny the allegations set forth in paragraph 61 of the Complaint.

62.    Deny the allegations set forth in paragraph 62 of the Complaint.

63.    Deny the allegations set forth in paragraph 63 of the Complaint.

64.    Deny the allegations set forth in paragraph 64 of the Complaint.

65.    Deny the allegations set forth in paragraph 65 of the Complaint.

66.    Defendants repeat and reallege their responses to paragraphs 1-65 above with the same force and effect as if set forth fully herein.

67.    Deny the allegations set forth in paragraph 67 of the Complaint.

68.    Deny the allegations set forth in paragraph 68 of the Complaint.

69.    Deny the allegations set forth in paragraph 69 of the Complaint.

70.    Deny the allegations set forth in paragraph 70 of the Complaint.

71.    Deny the allegations set forth in paragraph 71 of the Complaint.

72.    Deny the allegations set forth in paragraph 72 of the Complaint.

73.    Defendants repeat and reallege their responses to paragraphs 1-72 above with the same force and effect as if set forth fully herein.

74.    Deny the allegations set forth in paragraph 74 of the Complaint.

75.    Deny the allegations set forth in paragraph 75 of the Complaint.

76.    Deny the allegations set forth in paragraph 76 of the Complaint.

77.    Deny the allegations set forth in paragraph 77 of the Complaint.

78.    Deny the allegations set forth in paragraph 78 of the Complaint.

79.    Deny the allegations set forth in paragraph 79 of the Complaint, except admit that Plaintiff has not authorized J. Crew's use of the term "Broadmoor" and further state that no such authorization is required.

80.    Deny the allegations set forth in paragraph 80 of the Complaint.

81.    Deny the allegations set forth in paragraph 81 of the Complaint.

82.    Deny the allegations set forth in paragraph 82 of the Complaint.

83.    Deny the allegations set forth in paragraph 83 of the Complaint.

84.     Deny the allegations set forth in paragraph 84 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

85.     The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

86.     The Complaint is barred in whole or part by the doctrines of laches, acquiescence and/or estoppel.

### THIRD DEFENSE

87.     Plaintiff does not own valid trademark rights in the term "Broadmoor" because it is geographically descriptive without secondary meaning.

### FOURTH DEFENSE

88.     Plaintiff does not own valid trademark rights in the term "Broadmoor" because it is not used by Plaintiff as a trademark, but as mere ornamentation, with respect to clothing.

### FIFTH DEFENSE

89.     Defendants have not used the term "Broadmoor" as a trademark.

### SIXTH DEFENSE

90.     Defendants have not used "Broadmoor" to make reference to Plaintiff or its hotel, and have acted at all times in good faith by using "Broadmoor" as a reference to the geographic location in the State of Washington.

## SEVENTH DEFENSE

91.     Defendants' use of the term "Broadmoor" is a fair use under section 33(b)(4) of the Lanham Act, 15 U.S.C. § 1115(b)(4).

## EIGHTH DEFENSE

92.     There is no likelihood of confusion because, among other things, any use by Plaintiff of the term "Broadmoor" in connection with clothing is limited to sales made through its own hotel gift shops and/or online website for its hotel, and any use of such term by the J. Crew Parties is limited to the J. Crew Parties' own J. CREW-branded channels of distribution.

## NINTH DEFENSE

93.     Any infringement that may have occurred was innocent in nature.

## COUNTERCLAIM

### (Partial Cancellation of Trademark Registration)

Pursuant to Rule 13 of the Federal Rules of Civil Procedures, Defendant/Counterclaim Plaintiffs J. Crew Group, Inc. and J. Crew International, Inc., by and through their attorneys, as and for their counterclaim against Plaintiff/Counterclaim Defendant , allege as follows:

1.     Defendant/Counterclaim Plaintiff J. Crew Group, Inc. is a Delaware corporation with its principal place of business at 770 Broadway, New York, New York 10003.

2.      Defendant/Counterclaim Plaintiff J. Crew International, Inc. is a Delaware corporation with its principal place of business at 770 Broadway, New York, New York 10003.

3.      Upon information and belief, Plaintiff/Counterclaim Defendant Broadmoor Hotel, Inc. is a Colorado corporation with its principal place of business at One Lake Avenue, Colorado Springs, Colorado 80906.

4.      The Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1119 and 28 U.S.C. § 1331.

5.      This counterclaim seeks partial cancellation of Broadmoor's federal trademark registration no. 4,431,154 for the mark THE BROADMOOR COLORADO SPRINGS (Stylized) (hereinafter "THE BROADMOOR COLORADO SPRINGS Stylized Mark") pursuant to section 18 of the Lanham Act, 15 U.S.C. § 1068.

6.      Upon information and belief, Broadmoor's use of THE BROADMOOR COLORADO SPRINGS Stylized Mark in connection with Class 35 "retail store services offering clothing, gifts, cosmetics, home accessories, spa products, seasonal items, jewelry and flowers" is and has only been rendered at a hotel gift shop located at THE BROADMOOR COLORADO SPRINGS hotel.

7.      Upon information and belief, Broadmoor's use of THE BROADMOOR COLORADO SPRINGS Stylized Mark in connection with Class 35 "online retail gift shops" is and has only been rendered via THE BROADMOOR COLORADO SPRINGS hotel's website.

8.     Broadmoor has not used, and has no rights in, THE BROADMOOR COLORADO SPRINGS Stylized Mark for any Class 35 retail store services or online gift shops in any channels of trade other than its own hotel gift shop or online hotel gift shop.

9.     Accordingly, Registration No. 4,431,154 should be partially cancelled by adding a restriction limiting the Class 35 retail store and online retail gift shop services covered by such registration to Broadmoor's actual channels of trade, namely, "retail store services offering clothing, gifts, cosmetics, home accessories, spa products, seasonal items, jewelry and flowers *provided only through a gift shop located at THE BROADMOOR COLORADO SPRINGS hotel*; online retail gift shops *located only at THE BROADMOOR COLORADO SPRINGS hotel's website*."

10.    The foregoing restriction in Registration No. 4,431,154 will accurately reflect the limited scope of the Broadmoor's rights with respect to THE BROADMOOR HOTEL COLORADO SPRINGS Stylized Mark and help clarify that the parties' channels of trade are entirely disparate.

11.    The Court should therefore order Registration No. 4,431,154 to be modified by adding appropriate restrictions as set forth above limiting the Class 35 retail store services and online gift shop services to Broadmoor's actual channels of trade.

**WHEREFORE**, Defendants-Counterclaim Plaintiffs demand judgment as follows:

A.     Ordering that Plaintiff Broadmoor take nothing by way of its Complaint;

B.     Dismissing the Complaint with prejudice;

C.     Awarding Defendant-Counterclaim Plaintiffs their costs and attorneys' fees

herein;

D.      Ordering that Registration No. 4,431,154 be modified by restricting the channels of trade for Broadmoor's Class 35 retail stores services and online retail gift shop services to "retail store services offering clothing, gifts, cosmetics, home accessories, spa products, seasonal items, jewelry and flowers *provided only through a gift shop located at THE BROADMOOR COLORADO SPRINGS hotel*; online retail gift shops *located only at THE BROADMOOR COLORADO SPRINGS hotel's website*;" and

E.      Granting such other and further relief as the Court may deem just and proper.

DATED this 16th day of February, 2015.

/s/ Christopher P. Carrington
Daniel K. Calisher
Christopher P. Carrington
**Foster Graham Milstein & Calisher, LLP**
360 South Garfield Street, 6th Floor
Denver, Colorado  80209
Phone:  303-333-9810
calisher@fostergraham.com
carrington@fostergraham.com

Richard S. Mandel
Joel Karni Schmidt
**Cowan, Liebowitz & Latman, P.C.**
1133 Avenue of the Americas
New York, New York 10036
Phone:  212-790-9216
RSM@cll.com
JKS@cll.com

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of February, 2015, a true and correct copy of the foregoing **ANSWER AND COUNTERCLAIM** was electronically filed and served via *ECF* as follows:

John W. Cook
Hogan Lovells US LLP
Two North Cascade Avenue
Suite 1300
Colorado Springs, Colorado 80903
john.cook@hoganlovells.com

David A. DeMarco
Hogan Lovells US LLP
One Tabor Center
1200 Seventeenth Street
Suite 1500
Denver, Colorado 80202
david.demarco@hoganlovells.com

Raymond A. Kurz
Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, District of Columbia 20004
raymond.kurz@hoganlovells.com


*s/ Dyanna Spicher*